AO 91 (Rev. 11/11) Criminal Complaint  AUSA Ann Marie E. Ursini (312) 697-4092

**FILED**
2/16/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | CASE NUMBER: 25 CR 95 |
|---|---|
| v. | |
| GREGORY A. RITTER | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about February 15, 2025, at Chicago, in the Northern District of Illinois, EASTERN Division, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 2113(a) | By intimidation, taking funds, $ 21,340 in U.S. currency from Fifth Third Bank in Chicago, Illinois, the deposits of which were insured by the Federal Deposit Insurance Corporation |

This criminal complaint is based upon these facts:

  X Continued on the attached sheet.

Herbert E. Hogberg III  _JWA with permission_

Herbert E. Hogberg III
Special Agent, Federal Bureau of Investigation (FBI)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: February 16, 2025

*Judge's signature*

City and state: Chicago, Illinois

JEANNICE W. APPENTENG,
U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## **AFFIDAVIT**

I, Herbert E. Hogberg III. being duly sworn, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed for almost 23 years. My current responsibilities include the investigation of violent crimes, including, among others, kidnaping, bank robbery, and the apprehension of violent fugitives.

2. This affidavit is submitted in support of a criminal complaint alleging that GREGORY A. RITTER has violated Title 18, United States Code, Section 2113(a). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging RITTER with bank robbery, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents, my review of security footage and law enforcement records, vehicle searches, and witness interviews.

4. In summary, and as described further below, RITTER attempted to rob a bank the morning of February 15, 2025. Later on February 15, 2025, he robbed a different bank. The same day, law enforcement identified a car used in the first

robbery as belonging to RITTER and located him that evening. RITTER was wearing some of the same clothes he had worn to the banks earlier in the day. In a recorded interview, RITTER admitted to the morning attempted robbery, the afternoon robbery, and a third bank robbery he had committed on February 5, 2025. RITTER consented to a search of his vehicles, where law enforcement recovered cash, a pellet gun, bank cash straps, and a mask and bag consistent with those used by the robber.

**February 15, 2025: Attempted Robbery of Fifth Third Branch in Niles, Illinois**

5. On the morning of February 15, 2025, FBI received a call from an employee of Fifth Third Bank, located on the 8000 block of Golf Road in Niles, Illinois ("the Niles bank"), indicating there had been an attempted robbery.

6. Based on interviews with Niles bank employees, at approximately 9:25 a.m. on February 15, 2025, RITTER[1] entered the bank and asked to speak with a banker. Bank Employee 1 greeted RITTER while Bank Employee 2 overheard RITTER's request to speak with a banker. Bank Employee 2 directed RITTER to Bank Employee 2's office. There, RITTER told Bank Employee 2 that he was robbing the bank and said words to the effect of, "I have a gun". RITTER also lifted his jacket and exposed what Bank Employee 2 believed to be part of a pistol grip.

7. According to Bank Employee 2, the Niles bank was not a traditional bank branch and did not keep customer deposits. Bank Employee 2 informed RITTER that the bank location did not have tellers or money, and RITTER left.

---

[1] The bank employees did not identify RITTER by name. I describe further in the Affidavit how law enforcement identified the man in the bank as RITTER.

8.      According to bank employee interviews and my review of bank security video still images, the attempted robber appeared to be a white male in his 60's, approximately 5'08" to 6'02", soft spoken, wearing a medical mask on his face, a grey and black knit cap, jeans with the cuffs turned up at the bottom, grey athletic shoes, sunglasses, a dark long sleeve hooded sweatshirt over a white or light shirt with a pattern on it, and carrying a blue nylon string backpack.

9.      Portions of still images from bank security video showing RITTER inside the Niles bank are below:






10. Video from an ATM camera outside the bank and video from inside the bank shows RITTER approached the bank from the south and walked along the east

side of the bank to the entrance on the north side of the bank. He left along the same path.

11. I have reviewed security footage from a neighboring apartment building with cameras facing north toward the bank. According to the footage, the individual who attempted to rob the Niles bank arrived and left the area in a gold Dodge Journey, which he parked near the apartment building. According to the video, the Journey had a visible dark mark on the passenger side rear just below the window and in front of the rear brake light assembly. Still images from the video are below, with the dark mark circled in red.





12. Niles Police Detectives searched FLOCK[2] and License Plate Reader cameras in the area for vehicles that matched the Journey. According to footage, a gold Dodge Journey with Illinois Registration EU40557 was traveling southbound on Waukegan Road at Willow Road in Glenview, Illinois—approximately 3.75 miles northeast of the bank—on February 15, 2025 at 9:02 a.m. The same vehicle was traveling southbound on Waukegan Road at Branch Road in Glenview, Illinois—approximately 3.25 miles northeast from the bank—on February 15, 2025 at 9:04 a.m. In both photos, the dark mark on the passenger side rear near the brake light assembly is visible.

13. According to Illinois Secretary of State records, license plate EU40557, was registered to GREGORY A RITTER and is associated with a 2010 Dodge utility vehicle.[3]

14. A photo of RITTER, obtained from the Illinois Secretary of State, is below. The individual in the photo appears consistent with the individual in the Niles bank video.

---

[2] A FLOCK camera is a stationary law enforcement camera which photographs vehicle license plates.

[3] Illinois Secretary of State records describe EU04557 as silver in color. As shown above, the vehicle associated with the robbery is gold. Law enforcement later identified, recovered, and searched the vehicle bearing license plate EU40557, and described it as gold. In a post-arrest interview, RITTER also described his vehicle, which bore the EU40557 license plate, as gold. Therefore, I believe the registration record to be inaccurate as to the vehicle's color.



15. According to Illinois Secretary of State records, RITTER is 64 years old.

**February 15, 2025: Afternoon Robbery of Fifth Third Bank in Chicago**

16. At approximately 2:08 p.m. on February 15, 2025, FBI received a call from Fifth Third Bank Security that the Fifth Third Bank located on the 2700 block of Narragansett Avenue in Chicago, Illinois ("the Chicago bank") had been robbed.

17. FBI interviewed employees at the Chicago bank, including Bank Employee 3, a personal banker at Fifth Third bank who has been employed by Fifth Third for approximately ten years.

18. According to Bank Employee 3, at approximately 1:50 p.m., Bank Employee 3 walked from their desk to the bank lobby to assist in closing the branch. As Bank Employee 3 left their office, Bank Employee 3 noticed RITTER standing at the form counter area. Bank Employee 3 returned to their office. After a few minutes,

at approximately 1:55 p.m., RITTER came into Bank Employee 3's office and announced he was robbing the bank.

19. RITTER pulled up his outer garment top and exposed the handle of what appeared to Bank Employee 3 to be a pistol, protruding from the right side of RITTER's waistband. RITTER told Bank Employee 3 to put everything down and not to touch the computer. RITTER then directed Bank Employee 3 to walk around their desk and leave the office. RITTER then followed Bank Employee 3 to the bank lobby.

20. In the lobby, Bank Employee 3 had a brief interaction with a customer leaving the bank. After the customer left, Bank Employee 3 heard RITTER demand that the other bank employees step back from the counter and to not touch anything. RITTER then said to Bank Employee 3 words to the effect of, "Now you're going to take me to the vault!" Bank Employee 3 replied that they did not have access to the vault. RITTER asked who had access to the vault, and Bank Employee 3 told RITTER the manager had access.

21. RITTER then approached the other bank employees and said words to the effect of, "Give me the $100s." The other bank employees handed over money from their teller drawers. RITTER then directed the bank employees to go into the vault, and RITTER left the bank.

22. Bank Employee 3 complied with RITTER's demands during the robbery, because Bank Employee 3 was afraid that they or the other bank employees would be injured if Bank Employee 3 did not comply.

23. Bank Employee 3 described the robber as a white male, approximately 6'0" tall and 60 years of age, wearing a dark grey hoodie, blue jeans, and a dark colored surgical mask.

24. I have reviewed still video images from the Chicago bank robbery and compared them to video stills from the Niles attempted robbery. The Chicago bank video depicts a man wearing what appears to be identical clothing to the individual shown in the bank security footage from the Niles bank attempted robbery earlier in the day. Specifically, the footage from both banks shows a white male in a grey and black knit cap, a dark long sleeve hooded sweatshirt over a light shirt, blue jeans with the cuffs rolled up, grey and white shoes and sunglasses. The shirt appears to be a grey and white camouflage pattern. In videos from both banks, the subject wears a surgical mask: a blue mask in the Niles bank footage, and a black mask in the Chicago bank footage. In the Chicago robbery, the subject appears to be standing in line wearing a blue backpack; however, when he got to the counter, he also had a tan bag, visible in photos below.

25. At the time of the robbery, Fifth Third Bank was insured by the Federal Deposit Insurance Corporation. According to bank employees, an audit of the teller drawers found RITTER had taken approximately $21,340 in United States currency.

26. Portions of still images from the Chicago bank robbery are below:





**Identification and Location of RITTER and His Vehicles**

27. As described above, February 15, 2025 footage from the Niles bank and the nearby apartment building show RITTER getting in and out of a gold Dodge Journey with a dark mark on the rear passenger side.

28. Law enforcement interviewed Business Owner 1 on February 15, 2025. According to Business Owner 1, RITTER brought a Dodge Journey to the auto shop in Glenview at approximately 3:15 p.m. on February 15, 2025, which was after the Niles attempted robbery and Chicago robbery. RITTER had previously brought a black 2007 Mercedes GL450 with Illinois Registration EW61594 to Business Owner 1's shop. Business Owner 1 indicated RITTER paid for repairs to the Mercedes in cash, took the Mercedes, and left the Dodge Journey.

29. According to Illinois Secretary of State records, the Mercedes is registered to RITTER, at the same address as the Journey.

30. On February 15, 2025, Law enforcement observed the Journey at Business Owner 1's auto shop. From outside of the vehicle, through the front passenger window, law enforcement observed a black surgical mask, similar to a mask used by the robber in Chicago, according to bank footage. Law enforcement also observed a torn wrapper, which appeared to be the type of wrapper used by banks to band stacks of cash. The Journey was towed to a Niles Police Department facility.

31. A photo of the Journey recovered by law enforcement is below, showing visible damage to the back passenger side, consistent with the damage to the vehicle in video from near the Niles bank, described above:



32. A check of law enforcement databases found that, as of January 2025, RITTER resided at an Extended Stay hotel in the 5200 block of Old Orchard Road in Skokie, Illinois.

33. An Extended Stay employee advised law enforcement that RITTER had Extended Stay reservations since approximately January 2025 and had a reservation through the morning of February 15, 2025. At approximately 4:10 p.m., law enforcement learned that RITTER returned to the Extended Stay, seeking to get his things and move to another location. Surveillance officers observed RITTER leave the Extended Stay, get into the Mercedes, and drive off. At approximately 4:31 p.m., law enforcement stopped the Mercedes, and Niles police placed RITTER into custody.

34. At the time he was taken into custody by Niles police, RITTER was wearing the white and grey color camouflage pattern shirt, blue jeans with the cuff rolled up, and gray and white in color shoes that appear to be those worn during the Niles attempt bank robbery and the Chicago bank robbery.

35. A photo of RITTER in Niles police custody is below:



36. The Mercedes was towed to a law enforcement lot. Through the window, law enforcement observed a tan duffel bag, consistent with the bag used by RITTER in the Chicago robbery.

**RITTER's Statements and Vehicle Searches**

37. On the evening of February 15, 2025, RITTER was taken into custody by Niles Police and consented to be interviewed. In a recorded, Mirandized interview, RITTER admitted to attempting to rob the Niles bank, robbing the Chicago bank, and robbing a third bank, on February 5. RITTER identified himself the bank

surveillance video stills from the February 15, 2025 bank robbery and the February 15, 2025 attempted bank robbery and a third bank robbery on February 5, 2025. In addition, RITTER admitted to using a pellet gun and driving his gold Dodge Journey in the February 15, 2025 attempted bank robbery and bank robbery.

38. RITTER told law enforcement that he left cash from the robbery of the Chicago bank in Dodge Journey. He also told law enforcement that a pellet gun he used during the February 15, 2025 attempted robbery in Niles and robbery in Chicago was in one of his vehicles. RITTER consented in writing to searches of both the Journey and the Mercedes.

39. On February 15, 2025, law enforcement searched RITTER's vehicles.

   a. In the Dodge Journey, law enforcement found $13,465 United States currency, to include 50 $20 denomination bills with a bank strap around the bills. The bank strap had a stamp indicating, "Fifth Third Bank" and "February 15, 2025." Law enforcement also recovered a torn bank strap with "$500" in red print; sunglasses and a black and grey knit hat that appeared consistent with the sunglasses and hat worn by the robber video stills described above from the Niles and Chicago banks; and a black surgical mask that appeared consistent with the mask worn by the robber of the Chicago bank.

   b. In the Mercedes, law enforcement found $2,462 United States currency; a black hooded sweatshirt; a tan bag that

appears consistent with the tan duffel bag used in the Chicago bank robbery; a blue nylon string backpack; and a black semi-automatic pistol style pellet gun, pictured below.



## CONCLUSION

40. Based on the information above, your Affiant submits that there is probable cause that, on February 15, 2025, RITTER committed bank robbery by intimidation in violation of Title 18, United States Code, Section 2113(a).

FURTHER AFFIANT SAYETH NOT.

s/ HERBERT E. HOGBERG III  *JWA with permission*

HERBERT E. HOGBERG III
Special Agent, Federal Bureau of Investigation

SWORN TO AND AFFIRMED by telephone February 16, 2025.

Honorable JEANNICE W. APPENTENG
United States Magistrate Judge